Mr. Justice Thacher
delivered the opinion of the court.
It would seem that the decree in this case must be affirmed. The objection, that the interest of Strong in the tract of land conveyed by Mooring and Jones to Taylor is not proved or shown as against Knox, is not sustained by the record. The allegation in the bill as to the title of Mooring and Jones is, that they “ held in fee to and for the use and benefit ” of Strong. It is true that neither the answer of Taylor, admitting Strong’s interest, nor the pro confesso, taken against Hunt, supplies proof as against Knox, for Knox was not such a privy of his co-defendants as would permit their evidence to affect his rights. But, the testimony of Hunt was taken after Knox had answered, in which he deposes that he purchased the tract of land in connection with Taylor from Mooring and Jones, “ trustees for *70 James M. Strong.” The allegation in the bill as to Strong’s interest was sufficient to authorize equity interposition in his behalf, and the deposition of Thomas Hunt contained sufficient proof as against Knox, of the allegation in the bill as to Strong’s interest.
Also, it does not appear to be made out, that Mooring and Jones conveyed the land to Taylor for the purpose of delaying Knox in his effort to levy his debt of Taylor. Simpson’s evidence, he not having been a party to the contract of conveyance, is mere matter of opinion, whereas Hunt deposes that the conveyance was made to Taylor, rather than to Hunt, expressly to avoid exposing the land to levy and sale, because Hunt was understood to be in danger of such proceedings against him, from his utter insolvent condition in the opinion of Glasgow.
In regard to the implied assent of Strong to the sale under the execution of Knox, as deposed by Simpson, the sheriff, it could only avail as a defence in the event, that a sale had actually taken place, and Strong had stood quietly by or assented in terms to his paying his money or involving his credit in such a purchase. In this instance, no sale was in reality effected, and no rights in consequence accrued to Knox.
The deed of conveyance to Taylor, from Mooring and Jones, was absolute upon its face, but having been procured, upon conditions never fulfilled by the grantee, the proper relief in equity was to decree the conveyance to be annulled, and not a decree for the purchase-money to be raised by an enforcement of a vendor’s lien.
Decree affirmed.
Mr. Justice Clayton having been counsel below, gave no opinion.